951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sharon ROLES, Plaintiff,
and
Randy Shinliver and Gary Kiser, Plaintiffs-Appellants,
v.
BOEING MILITARY AIRPLANES, Defendant-Appellee.
 Nos. 90-3241, 90-3244.
 United States Court of Appeals, Tenth Circuit.
 Dec. 31, 1991.
 
 ORDER AND JUDGMENT*
 Before SEYMOUR, BARRETT and BRORBY, Circuit Judges.
 
 
 1
 Plaintiffs Sharon Roles, Randy Shinliver, and Gary Kiser appeal from a grant of summary judgment in favor of defendant Boeing Military Airplanes, their former employer. For the reasons set out below, we affirm.
 
 
 2
 Plaintiffs first contend that the district court should not have granted summary judgment against them on their defamation claims. They assert two primary theories of recovery: (1) they were defamed when they were forced to communicate the ostensible reason for their termination to prospective employers; and (2) they were defamed by defendant's publication to the press that 23 unnamed employees were suspended for buying, selling, and using cocaine and marijuana.[1] Brief for Appellant at 11. We address each theory in turn.
 
 
 3
 With respect to the first theory, the district court held that Kansas would recognize a cause of action for defamation where an employer does not publish the defamation but the defamed employee is compelled to disclose the defamatory reasons for his or her discharge to prospective employers. The district court then granted summary judgment to defendant on the ground that plaintiffs had failed to offer any evidence that they had applied for employment and were forced to reveal the alleged defamatory information. We affirm for different reasons. We need not decide whether Kansas would recognize a cause of action for defamation where publication is not made by the defendant but is made instead by the defamed person under compulsion. Even if there were such a cause of action, defendant would be protected in this case by the defense of qualified privilege. Thus, in Turner v. Halliburton Co., 722 P.2d 1106, 1114 (Kan.1986), the Kansas Supreme Court held that a qualified privilege exists when a former employer provides the reason for termination to an inquiring prospective employer. We believe the logic of Turner applies equally where the dismissed employee himself feels compelled to disclose the information to a prospective employer. When the defense of qualified privilege is available, the plaintiff claiming defamation must establish malice on the part of the defendant. Id. at 1112-13. Here, plaintiffs failed even to allege malice on the part of defendant, much less to offer proof of malice in response to defendant's motion for summary judgment. Consequently, summary judgment in favor of defendant was proper on this theory of defamation.
 
 
 4
 The second theory plaintiff's offer as grounds for reversing the district court's grant of summary judgment on the defamation cause of action is that defendant informed the press that 23 employees were suspended for drug related charges. In order to overcome the fact that defendant did not mention any employee's name in connection with the press release, plaintiffs argue on appeal that the defamer is liable if a recipient of the information would reasonably conclude that the statement referred to the plaintiffs. The district court did not address this theory below because plaintiffs did not raise it. We will not consider on appeal a ground for reversing the district court that was not raised in that court. See Farmers Ins. Co. v. Hubbard, 868 F.2d 565, 570 (10th Cir.1989). Accordingly, we affirm the district court's grant of summary judgment for defendant on plaintiffs' defamation claims.
 
 
 5
 Finally, plaintiffs assert that the district court improperly granted summary judgment against them on their wrongful discharge claim. We have reviewed plaintiffs' arguments in this regard, and we are persuaded the district court did not err in holding that these claims were required to be exhausted through arbitration under the collective bargaining agreement before suit was filed. We affirm the district court's analysis of this issue substantially for the reasons given by the district court in its Memorandum and Order of June 29, 1990.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has not precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiffs also contend on appeal that one of defendant's supervisors communicated the defamatory reason for termination to a lower level employee, and that such communication is not protected by a qualified privilege. We do not reach this issue because it was not raised below. See Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989)